P. S. QUINN v. THE STATE.

No. 17718. Delivered December 18, 1935.

The opinion states the case.

*L. Edward Mooney,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for illegally displaying a union trade label; punishment, a fine of fifty dollars.

Art. 1061, P. C.,1925, penalizes him who counterfeits, etc., any union label, trade mark, etc., theretofore adopted by any * * * union of workingmen, incorporated or unincorporated, for their protection. Art. 1062, id., makes penal the wilful use or display of the genuine label, etc., or name of any *such* * * * union, incorporated or unincorporated,—by some person unauthorized to so use or display same. The two articles were parts of the same original enactment. The language of Art. 1062, supra, makes it plain that the "Union" therein referred to was a union of workingmen of some kind or character, and in an indictment or complaint for a violation of said statute it should be alleged whether such union was of workingmen. Such indictment or complaint should also allege that the label, trade mark, etc. used or displayed without authority by the accused,

was the genuine label, trade mark, etc., theretofore adopted for the protection of the union whose right to such protection was impinged by the act of the accused.

The complaint before us alleges that appellant unlawfully and wilfully used and displayed the genuine label, to-wit: The label commonly known as the Printers Union Label No. 37 of and belonging to the Allied Printing Trades Council of Houston. It is left wholly to inference and conjecture whether the Allied Printing Trades Council of Houston is a union of workingmen, or whether theretofore Printers Union Label No. 37 had been adopted for the protection of said organization.

Attention is also called to other points of failure, in view of another possible prosecution. It was in proof upon the trial of this case that appellant delivered a circular upon which was printed "Union Label No. 37." The allegation in the complaint before us was that the genuine label used and displayed was commonly known as "Printers Union Label No. 37." There is a clear variance between the label alleged and the one proved. Nor was there any effort upon the trial to prove that the label actually on the circular delivered, was commonly known as Printers Union Label No. 37.

Again, it was in proof that union label 37 had been revoked and taken up in 1930, and the secretary of the Allied Printing Trades Council of Houston testified as follows: "There wasn't any such label as the Allied Printing Trades Council label No. 37 on January 11, 1935. It was cancelled and held mute and not allocated to anyone as No. 37." It is thus suggested that one who used such label in 1935 was in fact counterfeiting and imitating a label theretofore adopted by a union of workingmen for their protection, but which had been revoked and was not in existence or use as a genuine label in 1935.

Being of the opinion that the complaint in this case does not charge an offense, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*